UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL MARROW,

                Plaintiff,

    - against -

THE CITY OF NEW YORK, KYLE F. FLOOD,
NELSON NIN, "JOHN DOE" #1, "JOHN DOE" #2,
"JOHN DOE" #3, "JOHN DOE" #4, "JOHN DOE" #5,
and "JOHN DOE" #6, All in Their Individual Capacities
and in Their Official Capacities,

                Defendants
------------------------------------------------------------------------x

COMPLAINT AND DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorneys, MICHELSTEIN & ASHMAN, PLLC , complaining of the defendants, alleges:

### NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiff Michael Marrow by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth and Fourteenth Amendments, and by the laws of the State of New York.

2. Plaintiff Michael Marrow is a citizen of the United States who, on January 6, 2023, was seized, assaulted and arrested without a warrant on a false criminal charge of Criminal Sale of a Controlled Substance by defendants Kyle F. Flood, Nelson Nin New York City police officers"John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4 and "John Doe" #5 and "John Doe" #6, imprisoned for approximately 24 hours, and subsequently released without being prosecuted for any offense.

3. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the constitutional and civil rights of the plaintiff, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in t all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Michael Marrow resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Kyle F. Flood is a natural person who, at all times relevant herein, was

employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Kyle F. Flood was acting within the scope of his employment by defendant The City of New York.

11. Defendant Nelson Nin is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Nelson Nin was acting within the scope of his employment by defendant The City of New York.

13. Defendant "John Doe" #1 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer, with the rank of sergeant.

14. At all times relevant herein, defendant "John Doe" #1 was acting within the scope of his employment by defendant The City of New York.

15. Defendant "John Doe" #2 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant "John Doe" #2 was acting within the scope of his employment by defendant The City of New York.

17. Defendant "John Doe" #3 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant "John Doe" #3 was acting within the scope of his employment by defendant The City of New York.

19. Defendant "John Doe" #4 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant "John Doe" #4 was acting within the scope of his employment by defendant The City of New York.

21. Defendant "John Doe" #5 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

22. At all times relevant herein, defendant "John Doe" #5 was acting within the scope of his employment by defendant The City of New York.

23. Defendant "John Doe" #6 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

24. At all times relevant herein, defendant "John Doe" #6 was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

25. On March 28, 2023, and within 90 days of the accrual of the causes of action herein, plaintiff Michael Marrow served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

26. More than thirty days have elapsed since plaintiff Michael Marrow's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

27. Plaintiff incorporates by reference paragraphs 1 through 26 of this complaint as though the same were set forth fully herein.

28. On January 6, 2023, plaintiff Michael Marrow was lawfully present.

29. On January 6, 2023, at the corner of 179th Street and Vyse Avenue, in the borough of the Bronx, City and State of New York, defendants Kyle F. Flood, Nelson Nin, John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 forcibly seized plaintiff Michael Marrow.

30. Upon seizing the plaintiff, the defendants handcuffed the plaintiff's wrists.

31. Upon seizing and handcuffing plaintiff Michael Marrow, the defendants subjected the plaintiff to a pat down search.

32. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, and "John Doe" #6 arrested plaintiff Michael Marrow on a false criminal charge of Criminal Sale of a Controlled Substance.

33. The defendants transported plaintiff Michael Marrow to the 48th police precinct, where he was imprisoned for a period of time.

34. At the 48th precinct the defendants subjected plaintiff Michael Marrow to a strip search.

35. The plaintiff was subsequently transported to Central Booking, where he was imprisoned until the following afternoon.

36. Plaintiff Michael Marrow was released from custody on January 7, 2023 without being prosecuted for any offense.

37. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Michael Marrow.

38. The charge upon which defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, and "John Doe" #6 arrested and imprisoned plaintiff Michael Marrow was false.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though the same were set forth fully herein.

40. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 participated in the seizure, arrest and imprisonment of plaintiff Michael Marrow on January 6, 2023.

41. The seizure, arrest and imprisonment of plaintiff Michael Marrow on January 6, 2023, were made without any valid warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

42. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 lacked probable cause to arrest plaintiff Michael Marrow.

43. The charge upon which defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 seized, arrested and imprisoned plaintiff Michael Marrow was false.

44. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 intended to confine plaintiff Michael Marrow.

45. Plaintiff Michael Marrow was aware of his seizure, arrest and imprisonment by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 .

46. Plaintiff Michael Marrow did not consent to his seizure, arrest or imprisonment by the defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 .

47. The seizure, arrest and imprisonment of plaintiff Michael Marrow by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 on January 6, 2023, deprived plaintiff Michael Marrow of his right to

be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

48. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 were acting under color of state law when they seized, arrested and imprisoned plaintiff Michael Marrow.

49. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Michael Marrow of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Michael Marrow without a warrant.

50. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Michael Marrow of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Michael Marrow on a false criminal charge.

51. As a result of the foregoing, plaintiff Michael Marrow was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

## COUNT TWO
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

52. Plaintiff incorporates by reference paragraphs 1 through 51 of this complaint as though the same were set forth fully herein.

53. On January 6, 2023, defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 used excessive and unreasonable force against plaintiff Michael Marrow by handcuffing his wrists.

54. The level of force used by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 to handcuff plaintiff Michael Marrow was objectively unreasonable.

55. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 acted in concert in the use of excessive force against plaintiff Michael Marrow and/or could have intervened to stop the use of excessive force.

56. The use of excessive force by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 to handcuff plaintiff Michael Marrow deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

57. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 were acting under color of state law when they used force to handcuff plaintiff Michael Marrow.

58. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Michael Marrow of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using force against him too handcuff his wrists.

59. As a result of the defendants' use of excessive force, plaintiff Michael Marrow experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT THREE
## UNREASONABLE SEARCH UNDER 42 U.S.C. §1983

60.  Plaintiff incorporates by reference paragraphs 1 through 59 of this Complaint as though the same were set forth fully herein.

61.  The pat down search of plaintiff Michael Marrow by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 pursuant to an unlawful arrest was not reasonable.

62.  The pat down search of plaintiff Michael Marrow pursuant to an unlawful arrest violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

63.  Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 were acting under color of state law when they subjected plaintiff Michael Marrow to a pat down search pursuant to an unlawful arrest.

64.  Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Michael Marrow of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting the plaintiff to a pat down search pursuant to an unlawful arrest.

65.  As a result of the foregoing unreasonable search, plaintiff Michael Marrow suffered physical discomfort, embarrassment, humiliation and emotional distress.

## COUNT FOUR
## UNREASONABLE SEARCH PURSUANT TO 42 U.S.C. §1983

66.  Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint as though the same were set forth fully herein.

67. The strip search of plaintiff Michael Marrow by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 at the 48th precinct pursuant to an unlawful arrest was not reasonable.

68. The strip search of plaintiff Michael Marrow by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 pursuant to an unlawful arrest violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

69. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 were acting under color of state law when they subjected plaintiff Michael Marrow to a strip search pursuant to an unlawful arrest.

70. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Michael Marrow of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Michael Marrow to a strip search pursuant to an unlawful arrest.

71. As a result of the foregoing unreasonable search, plaintiff Michael Marrow suffered physical discomfort, embarrassment, humiliation and emotional distress.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

72. Plaintiff incorporates by reference paragraphs 1 through 71 of this Complaint as though the same were set forth fully herein.

73. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City

Law Department, and from the New York City Police Department's own observations, that defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

74. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

75. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, the rights of plaintiff Michael Marrow..

76. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action, by failing to train, retrain, supervise, monitor and discipline the officers, and improperly retained and utilized them.

77. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Michael Marrow would be violated.

78. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Michael Marrow.

79. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

80. Defendant The City of New York deprived plaintiff Michael Marrow of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest, subjection to excessive physical force and imprisonment of plaintiff Michael Marrow.

## COUNT SIX
## COMMON LAW ASSAULT

81. Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82. The above described acts of defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York placed plaintiff Michael Marrow in fear of imminent harmful physical contact.

83. As a result of the foregoing, plaintiff Michael Marrow experienced emotional distress in anticipation of the impending acts of force used against him.

## COUNT SEVEN
## COMMON LAW BATTERY

84. Plaintiff incorporates by reference paragraphs 1 through 83 of this Complaint as though the same were set forth fully herein.

85. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York committed battery on plaintiff Michael Marrow by physically seizing him.

86. As a result of the foregoing, plaintiff Michael Marrow experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHT
## COMMON LAW BATTERY

87. Plaintiff incorporates by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York committed battery on plaintiff Michael Marrow by handcuffing his wrists.

89. As a result of the foregoing, plaintiff Michael Marrow experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE
## COMMON LAW BATTERY

90. Plaintiff incorporates by reference paragraphs 1 through 89 of this Complaint as though the same were set forth fully herein.

91. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York committed battery on plaintiff Michael Marrow by conducting a pat down search of his body.

92. As a result of the foregoing, plaintiff Michael Marrow experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE
## COMMON LAW FALSE IMPRISONMENT

93. Plaintiff incorporates by reference paragraphs 1 through 92 of this Complaint as though the same were set forth fully herein.

94. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York did not have a valid warrant authorizing the arrest of plaintiff Michael Marrow.

95. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York seized, arrested and imprisoned plaintiff Michael Marrow on a false criminal charge.

96. Defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York lacked probable cause to arrest plaintiff Michael Marrow.

97. Plaintiff Michael Marrow was aware of his seizure, arrest and imprisonment by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York.

98. Plaintiff Michael Marrow did not consent to his seizure, arrest and imprisonment by defendants Kyle F. Flood, Nelson Nin, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York.

99. As a result of the foregoing, plaintiff Michael Marrow was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Michael Marrow respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
January 5, 2024

MICHELSTEIN & ASHMAN, PLLC

By: _____/S_____
Richard A. Ashman
Attorneys for Plaintiff
485 Madison Avenue, 16TH Floor
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880